# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSE GARCIA-AVILLA and<br>LU MARIA GARCIA-AVILLA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CIV-13-864-R |
| SMITTY'S WELDING SERVICE, INC., | )<br>) | |
| Defendant , | )<br>) | |
| INSURANCE COMPANY OF THE STATE<br>OF PENNSYLVANIA, | )<br>)<br>)<br>) | |
| Intervenor Plaintiff, | )<br>)<br>) | |
| SMITTYS WELDING SERVICE, INC., | )<br>)<br>) | |
| Defendant. | ) | |

## ORDER

Plaintiffs filed a Motion to Dismiss Without Prejudice on September 27, 2013, stating simply that they moved for dismissal without prejudice. Defendant Smitty's Welding Service responded in opposition to the motion, requesting that if the Court dismiss this action, that it order that Plaintiffs could not refile without first paying Defendant's costs with regard to this action and the prior action filed against Defendant, which was dismissed when Plaintiffs failed to timely secure substitute counsel. Having considered the parties' submissions, the Court finds as follows.

The Court finds no basis for dismissal stated in Plaintiffs' motion, and therefore finds that dismissal without prejudice is inappropriate. Plaintiffs previously filed Case No. 12-1200-R against Smitty's Welding Service, Inc. Following the filing of an answer and certain motions by Defendant, Plaintiffs' counsel withdrew from ths case. The Court thereafter dismissed the action when no new attorney entered an appearance on Plaintiffs' behalf. On August 13, 2013, Plaintiffs filed the current action, Defendant has answered and a complaint has been filed by the intervenor.

Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir.2005) (quotation omitted). Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon the refiling of a case. *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991). Consequently, it is well settled that the court "should impose only those conditions which actually will alleviate harm to the defendant." *Id.*

The Court finds that in light of Plaintiffs' decision to file this action twice and to ignore the Court's order regarding replacement counsel and to seek dismissal for no apparent reason the second time, is prejudicial to Defendant. "When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (Okla. 1997) (citing *Cauley v. Wilson*, 754 F.2d 769, 771-72 (7th Cir.1985)). Accordingly, the Court hereby grants the

Plaintiffs' motion to dismiss without prejudice, however any refiling will immediately be stayed until such time as Plaintiffs have compensated Defendant for the reasonable fees associated with its defense in this case, to be determined by the Court in the event Plaintiffs refile this action. This case is hereby dismissed without prejudice with that condition.

IT IS SO ORDERED this 23rd day of October, 2013.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE